UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| **LARRY J. CARR, #1065512** | : |
| *Petitioner,* | : |
| v. | : Civil Action No. 2:10cv00617 |
| **HAROLD W. CLARKE,**<br>Director of the Virginia Department of<br>Corrections | : |
| *Respondent.* | : |

## REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure.

## I. STATEMENT OF THE CASE

On May 28, 2008, in the Circuit Court for the City of Suffolk, Virginia, petitioner Larry J. Carr ("Carr") was sentenced to serve a term of seven years after pleading guilty to several felonies. (ECF No. 1 at 1). Carr did not appeal his convictions (ECF No. 1 at 2). However, after his conviction was final, he filed a petition for writ of habeas corpus in the Suffolk Court on March 10, 2010. The court denied the petition on October 27, 2010. (ECF No. 1 at 3). Carr attempted to appeal the habeas denial, filing a Notice of Appeal in the Suffolk Court "on or about November 5, 2010," (see ECF No. 9 at 3) however he never filed an opening brief with the Supreme Court of Virginia and therefore never perfected the appeal of his habeas petition in the state's highest court.[1] Sup. Ct. Va. R. 5:17(a)(1).

---

[1] The Supreme Court of Virginia received Carr's notice of appeal on December 13, 2010 and returned it to the Circuit Court for the City of Suffolk on May 13, 2011 after Carr failed to take any further action.

1

On December 20, 2010, Carr, proceeding pro se, filed this petition for habeas relief pursuant to 28 U.S.C. § 2254. (ECF No. 1). In it, Carr raises four grounds for relief, which he describes as "dishonesty," ineffective assistance of counsel, "misleading," and "misguidance." (ECF No. 1 at 3). On March 22, 2011, respondent filed his Rule 5 Answer and Motion to Dismiss, along with a brief in support.[2] (ECF Nos. 7-9). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), Carr was given an opportunity to respond to respondent's Motion to Dismiss with any material he wished to offer in rebuttal. (ECF No. 10). Carr filed no rebuttal and the time for responding has now expired. Accordingly, respondent's Motion to Dismiss is ripe for judicial review.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) created a one year limitation for prisoners seeking federal habeas relief. Under 28 U.S.C. § 2244(d)(1) a district court is required to dismiss any petition for writ of habeas corpus filed more than one year after (i) the date judgment becomes final; (ii) any state-created impediment to filing a petition is removed; (iii) the United States Supreme Court recognizes the constitutional right asserted; or (iv) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2254(d)(1)(A) – (D). The time period during which state post-conviction or other collateral review is pending tolls the limitation period. 28 U.S.C. § 2254(d)(2).

Carr was convicted on May 28, 2008, and had thirty days to note an appeal. When he failed to appeal, the federal statute of limitations began to run on June 27, 2008. His state habeas petition was not filed until March 2010 – almost two years after his conviction. Accordingly, the federal limitations period was not tolled, and his time to file for federal habeas relief expired on

---

[2] Respondent was granted an extension of time in which to file his Response following an Order substituting Harold W. Clarke, Director of the Virginia Department of Corrections as the sole respondent on January 14, 2011. (ECF No. 4).

2

June 27, 2009. The petition before this Court was filed on December 20, 2010, almost eighteen months after the federal statute of limitations expired. Accordingly, Carr is time-barred from seeking habeas relief from this Court.[3]

Carr has not argued that he is entitled to equitable tolling in this case, nor would that doctrine apply under these facts. Indeed, under proper circumstances, the principles of equitable tolling are applicable in federal habeas cases. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). A petitioner is entitled to relief through equitable tolling only if he establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" that prohibited timely filing. Id. at 2563 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Furthermore, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Because the Court's review of the record discloses no basis to apply equitable tolling, the undersigned recommends Carr's petition be dismissed as time-barred.

## III. RECOMMENDATION

Since Carr's federal petition for habeas relief was not filed within the time delineated by 28 U.S.C. § 2244(d)(1), the Court recommends that the petition be dismissed with prejudice as barred by the statute of limitations, and respondent's Motion to Dismiss be GRANTED.

---

[3] Respondent also contends that any subsequent habeas corpus petition brought by Carr in state court would be procedurally defaulted. (ECF No. 9 at 2). Pursuant to Virginia Code § 8.01-654(A)(2), which grants one year to bring a petition for writ of habeas corpus from the time the cause of action accrued, it appears Carr would be time-barred from pursuing state habeas relief. As such, his claims would be simultaneously exhausted and defaulted in this Court. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). As the petition is clearly barred by the AEDPA's limitation period, it is not necessary to reach this alternate ground for relief.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Order to the petitioner and to counsel of record for the respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

June 21, 2011

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Larry J. Carr,
#1065512/388669
Greensville Correctional Center
901 Corrections Way
Jarratt, VA 23870

Donald Eldridge Jeffrey, III
Office of the Attorney General
900 E. Main Street
Richmond, VA 23219

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

6/23, 2011

5